IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAHEEM BROWN** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **PENNSYLVANIA BOARD OF PROBATION** | : | **NO. 15-1497** |
| **AND PAROLE AND** | : | |
| **VINCENT T. MOONEY** | : | |

### MEMORANDUM

**KEARNEY, J.**                                                                                          **APRIL 1, 2015**

Plaintiff Raheem Brown, a gentleman incarcerated at the State Correctional Institution at Coal Township, brings this civil rights action against the Pennsylvania Board of Probation and Parole ("Board") and Vincent T. Mooney, the Superintendent of SCI Coal Township, pursuant to 42 U.S.C. § 1983, claiming Defendants are keeping him beyond his maximum sentence. He seeks to proceed *in forma pauperis*. (ECF Doc. No. 1) We grant Mr. Brown leave to proceed *in forma pauperis* but dismiss his complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). His claims must be resolved through his pending habeas petition at *Brown v. Mooney*, Civ. A. No. 15-1495 (E.D. Pa.)

I.     Facts

Mr. Brown claims the Board improperly changed his maximum sentence date, causing the Pennsylvania Department of Corrections to change his maximum sentence. He contends that the change violates his plea agreement because he "contracted" for a seven to fifteen year sentence, but is currently being held under a seven to eighteen year sentence. Compl. ¶ II.D. sa such, Mr. Brown claims the Board lacked jurisdiction to impose the new sentence as exceeding the sentence.

Mr. Brown alleges he is being "illegally detained" in violation of his constitutional rights. Compl. ¶ III. He seeks injunctive relief directing the Defendants to change his maximum date. Dispositively, he also filed a habeas petition based on the same alleged error in his sentence.

## II.     Leave to proceed *in forma pauperis*.

The Court grants Mr. Brown leave to proceed *in forma pauperis*. He satisfies 28 U.S.C. § 1915 and it appears he is incapable of paying the applicable fees for commencing this case. Accordingly,

## III.    Analysis

The applicable statute, 28 U.S.C. § 1915(e)(2)(B)(i) requires us to dismiss Mr. Brown's Complaint if "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As Mr. Brown proceeds *pro se*, the Court liberally construes his allegations. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). As Mr. Brown challenges the Board's calculation of his sentence and seeks an earlier release from imprisonment, his claims are not cognizable in a civil rights action.[1] We dismiss the complaint as legally baseless. To challenge his sentence, Mr. Brown must proceed with his pending *habeas* petition.

---

[1] The Pennsylvania Board of Probation and Parole is entitled to Eleventh Amendment immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (a state may not be sued in federal court pursuant to § 1983); *Spuck v. Pa. Bd. of Prob. & Parole*, 563 F. App'x 156, 158 (3d

## IV. Conclusion

The Court dismisses Mr. Brown's Complaint with prejudice as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

---

Cir. Apr. 14, 2014) (per curiam) ("[T]he Eleventh Amendment affords the Board protection from suit in an action brought pursuant to 42 U.S.C. § 1983.").